**UNITED STATES of America**
**v.**
**Patsy STANIZZO and Joseph Zeher.**
**No. 65–304 Cr.**

United States District Court
W. D. Pennsylvania.

May 17, 1968.

Nick Fisfis, Asst. U. S. Atty., Gustave Diamond, U. S. Atty., for the United States.

Hubert I. Teitelbaum, Martin M. Sheinman, Pittsburgh, Pa., for defendants.

OPINION

DUMBAULD, District Judge.

On October 9, 1967, the jury found defendant Joseph Zeher guilty on Count IV of an Indictment charging performance of taxable acts [1] without first having paid tax, in violation of 26 U.S.C. § 7262.[2]

Defendant Patsy Stanizzo was found guilty of Count V charging wilful failure to supply information as to the place where and persons by whom wagering tax activity was being conducted,[3] in violation of 26 U.S.C. § 7203.[4]

Both defendants were acquitted on other counts.

Defendants now contend that they are entitled to judgment of acquittal by virtue of what was held by the Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906, decided January 28, 1968. Defendants had duly raised the constitutional questions later decided in those cases.

In *Marchetti* the defendants were charged with wilful failure, violative of 26 U.S.C. § 7203, to pay the $50 tax imposed by 26 U.S.C. § 4411 and to register as required by 26 U.S.C. § 4412. United States v. Costello, 352 F.2d 848, 850 (C. A.2, 1965).

Zeher was acquitted under Count III of the charge of which Marchetti was convicted.

Zeher's only guilt as determined by the jury, was that of violating 26 U.S.C. §

1. Made taxable by 26 U.S.C. § 4411 at the rate of $50 per year.

2. "Any person who does any act which makes him liable for special tax under subchapter B of chapter 35 without having paid such tax, shall, besides being liable to the payment of the tax, be fined not less than $1,000 and not more than $5,000."

3. Registration of such data is required by 26 U.S.C. § 4412.

4. "Any person required under this title to pay any estimated tax or tax, or required

by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

7262 which provides that "Any person who does any act which makes him liable for [the $50 special occupational tax imposed by 26 U.S.C. § 4411] without having paid such tax, shall * * * be fined not less than $1,000 and not more than $5,000."

Stanizzo was found guilty of wilful violation of 26 U.S.C. § 7203 by failing to furnish all the data required by 26 U.S.C. § 4412. This was the same offense as that in *Marchetti*, except that instead of failure to register at all Stanizzo simply failed to furnish what the Government considered adequate and complete information in compliance with 26 U.S.C. § 4412.

*Marchetti* simply held that 26 U.S.C. §§ 4411 and 4412 can not be employed to punish criminally for failure to comply with those sections defendants who make sufficient and timely assertion of their privilege against self-incrimination under the Fifth Amendment. 390 U.S. at 42, 61, 88 S.Ct. 697. The Court did not condemn the tax as a tax. It simply held that those who did not pay the tax or register could not be criminally punished for failure to do so if they asserted appropriately the constitutional guarantee. 390 U.S. at 44, 61, 88 S.Ct. 697. See also 390 U.S. at 70, 88 S.Ct. 716.

*Grosso* dealt with the 10 percent excise tax imposed by 26 U.S.C. § 4401. That tax is not involved in the case at bar, following verdict. The Court held that payment of that tax, and use of the type of returns provided by the IRS in Form 730, would have created a substantial hazard of self-incrimination. Payment of the excise tax and filing the return are considered inseparable. 390 U.S. at 65, 88 S.Ct. 697.

Likewise in *Marchetti* the Court regarded the statutory obligations to register and to pay the occupational tax as "inseparable elements of a single registration procedure". 390 U.S. at 42–43, 88 S.Ct. at 700.

Doubtless the constitutional vice is the registration requirement, which inevitably invites the taxpayer to provide evidence which will significantly enhance the likelihood of his prosecution for crime and facilitate his conviction. 390 U.S. at 54, 88 S.Ct. 697. The Court has nothing against the payment of taxes or the collection of federal revenue *per se*, in the absence of hazardous provisions for self-disclosure of criminality.

■ Zeher neither registered nor paid the tax. He is not being punished criminally for failure to register or pay tax. He has furnished no evidence against himself. His conviction is based on independent evidence *aliunde*, not derived from his own testimonial assertions or any unconstitutional compulsion. He was found guilty of violating 26 U.S.C. § 7262, not 26 U.S.C. §§ 4411, or 4412. Therefore nothing in *Marchetti* or *Grosso* relieves him from the consequences of his duly ascertained guilt.

■ On the other hand, Stanizzo has been found guilty of the same offense as Marchetti. He is therefore able squarely to find shelter under the protecting wing of the Supreme Court's decision in Marchetti's case. In a way, this is ironic, since Stanizzo has been shown to be one of the largest taxpayers upon gambling receipts registered with the local IRS office. Zeher is a humble underling. However, such was the result of the lottery of jury trial for these players.

## ORDER

And now, this 17th day of May, 1968, for the reasons set forth in the foregoing opinion, after argument,

It is ordered that defendants' motions in arrest of judgment and for judgment of acquittal be and the same hereby are granted with respect to defendant Patsy Stanizzo and denied with respect to defendant Joseph Zeher; and accordingly that said defendant Patsy Stanizzo go hence without day and that said defendant Joseph Zeher present himself in due course for sentence.